UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DISPLAY POINTS GROUP, INC.,

                Plaintiff,

      v.

DC SALES, INC.,

                Defendant.

12 Civ. 6563

**OPINION**

    This is a breach of contract action brought by Display Points Group, LLC against DC Sales, a firm hired to market an electronic, tabletop device designed to enable restaurant customers to order from their seats, without the assistance of a waiter or waitress.

    DC Sales moves to dismiss the complaint. The motion is denied.

### The Complaint

    In June of 2011, Display Points entered into a joint venture agreement with another firm, BK SEMS USA, Inc. to form a new company, BK SEMS Media, LLC, which would do business as "Display Points Network," and which will be referred to here as "the Joint Venture." This new company was to produce tabletop electronic devices for use in restaurants, bars, and similar establishments.

    In January of 2012, the Joint Venture entered into an agreement with DC Sales. Under that agreement, DC Sales was to market the devices in exchange for an initial payment of $250,000, plus an additional $1,000 for each venue (i.e., a restaurant or bar)

1

that DC Sales recruited to use the Joint Venture's devices and a $250,000 bonus if DC Sales was able to successfully place the devices in 250 venues.

The agreement also provided that it could not be amended without the "signed written approval of both parties" but that the agreement would bind and inure to the benefit of both parties' assigns. The agreement also provides that disputes arising under it shall be submitted to mediation under the mediation rules of the American Arbitration Association and, if mediation is unsuccessful, the matter is to be submitted to arbitration by the AAA in Pinellas County, Florida. The parties agreed that Florida law would apply in construing and enforcing the agreement.

The complaint alleges that in April 2012, the Joint Venture assigned its rights and responsibilities under the contract to Display Points. The complaint includes a document which it describes as the instrument that effected the assignment. But the document, by its own terms, purports to be an amendment to the DC Sales agreement — it is entitled "Amendment to Agreement" — to replace the Joint Venture with Display Points as a party to the contract. It includes signature lines for Display Points, the Joint Venture, and DC Sales. It is signed by Display Points and the Joint Venture, but not DC Sales. The complaint does not allege that DC Sales ever signed the amendment, though it does allege that the president of DC Sales indicated orally that DC Sales would sign the amendment once DC Sales had received its initial payment of $250,000.

Later that month, Display Points wired $250,000 to DC Sales.

Over the next few months, Display Points alleges that it met with DC Sales and took steps to begin their business relationship, as well as repeatedly inquiring about its approval of the amendment.  In particular, as well as inquiring about DC Sales's approval of the amendment, Display Points requested that DC Sales provide a timeline, status of marketing efforts report, and a performance report, the latter of which DC Sales was required, under the agreement, to submit once every six months.

The complaint alleges that DC Sales provided Display Points with none of these things and, instead, informed Display Points on June 15, 2012, that it believed "the agreement was invalid."  The complaint does not indicate whether this refers to the parties' original agreement or the proposed amendment.  Meanwhile, DC Sales requested, and Display Points provided, two demonstration devices to DC Sales for use in its marketing efforts.

The next month, Display Points demanded that DC Sales cure its default by beginning to perform under the contract or else DC Sales must return the $250,000 it had been paid.  DC Sales allegedly refused to return the $250,000.  The complaint does not explicitly state that DC Sales also did not begin to perform under the contract, but it is clear that the complaint is meant to make such an allegation.  Display Points then sent a formal notice to DC Sales terminating the agreement and demanding the return of its $250,000.  Presumably Display Points means to allege that DC Sales did not comply with this request either, because this is the last event alleged in the complaint and this lawsuit was filed less than a month later.

Notably, the complaint does not allege that the parties have attempted mediation or that the parties submitted the dispute to arbitration—both of which the agreement explicitly requires.

DC Sales moves to dismiss the complaint, arguing that: (1) Display Points does not have standing because it is not a party to the contract with DC Sales; (2) the proper forum is not the Southern District of New York, but rather the District of Nevada—where DC Sales is incorporated; and (3) plaintiff's claims are subject to the mediation and arbitration clause.

## Discussion

The court now rules that there is no merit to the argument about the District of Nevada being the proper forum.

It is true that the relevant agreement provides for arbitration. However, the agreement also provides that, prior to any arbitration, there must be a submission to mediation, and only if mediation is unsuccessful is the matter to be arbitrated. In order for DC Sales to have the right to arbitrate, it must go through the mediation process. It has not yet done so.

DC Sales's argument about standing turns on the interpretation of the contract—whether the "amendment" to the contract validly assigned the agreement to Display Points. This is precisely the sort of question that the parties contemplated subjecting to mediation. If DC Sales wishes to raise this argument, it may do so in mediation.

Consequently, the court will not dismiss the action under the present circumstances.

So ordered.

Dated:   New York, New York
        September 25, 2013

*/s/ Thomas P. Griesa*
Thomas P. Griesa
United States District Judge

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/25/2013
```